USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                             :
UNITED STATES OF AMERICA                                     :
                                                             :     15 Cr. 886 (KBF)
     - v -                                                   :
                                                             :     OPINION & ORDER
ANTHONY FRANCESCHI,                                          :
                                                             :
                            Defendant.                       :
                                                             :
------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

Defendant Anthony Franceschi has been charged with committing a Hobbs Act robbery and brandishing a firearm in connection with a crime of violence on or about August 11, 2015. (ECF No. 6.) According to the Government, the modus operandi used in this robbery shares significant similarities to robberies he committed in 2010 and 2013. The Government has moved in limine under Rule 404(b) of the Federal Rules of Evidence, to introduce evidence relating to the 2010 and 2013 robberies. (ECF No. 19.) Trial is scheduled to commence on January 23, 2017.

At a status conference held on November 29, 2016, the Court informed the parties that it was GRANTING the Government's motion and that an opinion would follow. This is that opinion.

I.   RELEVANT BACKGROUND[1]

The Government has proffered that at trial it will prove the following series of events: On August 11, 2015, the defendant called for a livery cab to pick him up

---

[1] As stated at the conference on November 29, 2016, the parties should confer on the form in which such evidence should be received (including the possibility of a stipulation).

in Brooklyn that afternoon. A livery cab driver (the "Victim") responded to the call and picked up the defendant. The defendant entered the front seat of the vehicle and directed the Victim to drive him to two locations: The first was in Brooklyn, where the defendant exited the cab to speak to an individual, and the second was in Manhattan. When they arrived at the second location, the defendant brandished a firearm and demanded the Victim's money. The Victim gave the defendant approximately $500, at which time the defendant exited the cab and fled on foot.

The defendant admits that he was a passenger in the Victim's cab, but denies committing robbery or brandishing a firearm. He argues instead that he did not pay the cab fare and is guilty of, at most, theft of services. (ECF No. 33, at 2-3.) The case is scheduled for trial commencing January 23, 2017.

The Government seeks to introduce at trial evidence of robberies committed by the defendant in 2010 and 2013. According to the Government, all three robberies share distinctive characteristics that reveal a common modus operandi. In the May 2010 robbery, the defendant called for a livery cab to pick him up from a location in Brooklyn, in the afternoon. The location of the pick-up in 2010 was less than one mile from the pick-up location of the 2015 robbery. In 2010, the defendant also asked the driver to make several stops. On this occasion, the stops were located in Manhattan. At each stop, the defendant got out of the cab and walked around. After the second stop, the defendant got into the front seat of the cab and directed the driver to a third destination in Brooklyn. Once they arrived, the defendant displayed a firearm and demanded money. After receiving $200 from the driver, the

2

defendant fled on foot. The defendant was apprehended and arrested. Following his arrest, he made a written statement that the robbery claim was manufactured, and that it was merely a case of theft of services. The defendant ultimately pled guilty to robbery in the third degree.

In May 2013, the defendant also called for a livery cab to pick him up in Brooklyn, again, in the afternoon. The pick-up location was less than two miles from the 2015 pick-up location. The defendant rode in the front passenger seat and directed the driver to make two stops. The first stop was in Brooklyn, approximately four blocks from the 2010 pick-up location. Once there, the defendant got out of the car, walked around, and then returned to the front seat. At the second stop, also in Brooklyn, the defendant revealed a firearm and took the driver's wallet before fleeing on foot. The defendant pled guilty to petit larceny.

## II.   RELEVANT EVIDENTIARY STANDARDS

Evidence is relevant if it has "any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 402 provides that all relevant evidence is admissible, except as otherwise provided by the Federal Rules of Evidence or Act of Congress. Fed. R. Evid. 402.

Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 is concerned with "some adverse effect . . . beyond tending to prove the fact

or issue that justified its admission into evidence." United States v. Gelzer, 50 F.3d 1133, 1139 (2d Cir. 1995) (quoting United States v. Figueroa, 618 F.2d 934, 943 (2d Cir. 1980)) (internal quotation marks omitted). Several courts have found that "other act" evidence is not unfairly prejudicial where it is not "any more sensational or disturbing than the crimes" with which the defendant has been charged. United States v. Roldan–Zapata, 916 F.2d 795, 804 (2d Cir. 1990); see also United States v. Curley, 639 F.3d 50, 59 (2d Cir. 2011) (finding that the district court did not err in finding that the probative value of prior acts of domestic violence with similar characteristics to the charged conduct outweighed the potential prejudicial effect when the prior acts were no more sensational than the charged conduct); United States v. Mercado, 573 F.3d 138, 142 (2d Cir. 2009) (upholding a Rule 403 determination where the challenged evidence was "not especially worse or shocking than the transactions charged" and where the district court instructed the jury as to what inferences could properly be drawn from such evidence).

>Rule 404(b) provides:
>
>(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
>(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. . . .

Fed. R. Evid. 404(b).

The Second Circuit evaluates Rule 404(b) evidence under an inclusionary approach that allows evidence for any purpose other than to show a defendant's criminal propensity. United States v. McCallum, 584 F.3d 471, 475-76 (2d Cir. 2009) (finding that the district court's admission of the defendant's prior drug convictions, offered to show his intent to deal drugs and his knowledge of drug dealing, was error because the district court failed to conduct a Rule 403 analysis; the Second Circuit stated, "evidence of prior convictions merits particularly searching, conscientious scrutiny," because such evidence can lead to "generalized reasoning about a defendant's criminal propensity"); United States v. Paulino, 445 F.3d 211, 221-23 (2d Cir. 2006); United States v. Garcia, 291 F.3d 127, 136, 138-39 (2d Cir. 2002) (finding the district court abused its discretion in admitting evidence of a 12-year-old prior drug conviction where its only proffered similarity was that it involved cocaine). Courts may therefore admit evidence of other acts by the defendant if the evidence is relevant to an issue at trial other than the defendant's character and if the risk of unfair prejudice does not substantially outweigh the probative value of the evidence. United States v. Morrison, 153 F.3d 34, 57 (2d Cir. 1998); see also Garcia, 291 F.3d at 136.

This inclusionary approach does not invite the Government "to offer, carte blanche, any prior acts of the defendant in the same category of crime." McCallum, 584 F.3d at 475 (quoting Garcia, 291 F.3d at 137) (internal quotation marks omitted).

In considering the admissibility of evidence pursuant to Rule 404(b), a court must consider the following:

- Is the evidence offered for a proper purpose—that is, does it go to something other than the defendant's character or general criminal propensity?

- Is the evidence relevant?

- Does the probative value of the evidence substantially outweigh the danger of unfair prejudice?

- Has the court administered an appropriate limiting instruction?

Garcia, 291 F.3d at 136.

"Although it is true that 'other crimes, wrongs, or acts' cannot be introduced to prove character or propensity, it is proper for a trial court to admit such evidence if it helps to prove the identity of the wrongdoer or the existence of a common scheme or plan." United States v. Sanogo, 208 F.3d 204 (2d Cir. 2000) (citations omitted). Prior convictions or other acts may be admitted to prove modus operandi to illustrate a permissible purpose, such as identity or plan. See United States v. Carlton, 534 F.3d 97, 101-02 (2d Cir. 2008) ("The evidence of defendant's three prior convictions for bank robbery was properly admitted to show identity through a common modus operandi.); United States v. Robinson, 635 F.2d 981, 987 (2d Cir. 1980) ("Proof of [the defendant's] participation in other similar narcotics operations, close in time and involving use of identical methods . . . , to which he pleaded guilty in Washington, DC, was properly admitted under Fed. Rules of Evidence 404(b) as evidence of a common plan . . . ."); see also United States v. Campanile, 516 F.2d

288, 292-93 (2d Cir. 1975) (finding evidence of two similar prior bank robberies admissible to demonstrate a "single criminal escapade").

Completing the story of the crimes is another legitimate use of prior act evidence. United States v. Williams, 585 F.3d 703, 707 (2d Cir. 2009) (citing United States v. Reifler, 446 F.3d 65, 91-92 (2d Cir. 2006)). Prior act evidence may also be admissible to show opportunity, such as the opportunity for the defendant to have possession of a firearm. See United States v. Zappola, 677 F.2d 264, 270 (2d Cir. 1982); United States v. Robinson, 560 F.2d 507, 513 (2d Cir. 1977) (en banc) ("[The defendant's] possession of the gun was also admissible under FRE 404 on the independent ground that it tended to show he had the 'opportunity' to commit the bank robbery, since he had access to an instrument similar to that used to commit it." (footnote omitted)).

Once the Government has proffered a proper purpose for "other act" evidence, the Court must then determine whether the other act is in fact probative of the crimes charged. In this regard, the Government must identify the similarity or connection between the act at issue and an element of the crime charged. McCallum, 584 F.3d at 475; United States v. Brand, 467 F.3d 179, 197 (2d Cir. 2006); United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992).

The similarity or connection between the charged crime and the prior event goes to the question of relevance. To be relevant, the other act must be sufficiently similar to the conduct at issue to permit the jury reasonably to draw an inference from the act that the state of mind of the actor is as the proponent of the evidence

7

asserts. Curley, 639 F.3d at 57. The court abuses its discretion if the "chain of inferences" necessary to connect the other act evidence with the charged crime is "unduly long." Id. (quoting United States v. Peterson, 808 F.2d 969, 974 (2d Cir. 1987)).

III.   DISCUSSION

The Government argues that the evidence of the two prior robberies is admissible under Rule 404(b) to demonstrate the defendant's planning, preparation, intent, and modus operandi. This Court agrees.[2]

The Government identifies numerous similarities between the other acts and the charged conduct: the pick-up, stop, and drop-off locations; the time of day; the request for multiple stops; the defendant sitting in the front passenger seat; the use of a firearm; and the flight on foot. (ECF No. 19, at 4-5.) These similarities support a proper use of the prior convictions as evidence of modus operandi, rather than mere propensity. See United States v. Sliker, 751 F.2d 477, 487 (2d Cir. 1984) ("The similarity sufficient to admit evidence of past acts to establish a recurring modus operandi need not be complete; it is enough that the characteristics relied upon are sufficiently idiosyncratic to permit a fair inference of a pattern's existence."). In addition, the use of firearms in connection with the prior robberies is also relevant to show the defendant's opportunity to possess a firearm, as well as plan and preparation for the robbery. See Zappola, 677 F.2d at 270.

---

[2] The Government further contends that the defendant's post-arrest statements connected the three robberies by explaining that all three were part of the same long-running scheme to steal money from cab drivers. (ECF No. 34, at 10.)

The defendant contends that the similarities between these three robberies are superficial and the differences are significant. (ECF No. 33, at 6-13.) Although in isolation each similarity could be viewed as generic—for example, "the use of a gun is the norm [in livery cab robberies], rather than an idiosyncratic feature of [the Defendant's]," id. at 10—all six similarities, taken together, are probative of a pattern. Carlton, 534 F.3d at 102 ("While any of the similarities between the prior bank robberies and the charged crime—such as location, the takeover style of the robberies, or use of a getaway car—when viewed in isolation may not have established a modus operandi, taken together they establish the existence of a pattern."). Given the inclusionary approach taken for evidence under Rule 404(b), the evidence suggests an existence of a pattern sufficient to justify admission.

The Court has separately analyzed whether Rule 403 weighs against admission. On the specific facts here, it does not. The 2010 and 2013 convictions are highly probative as to the modus operandi of the defendant. The evidence regarding the prior robberies is undoubtedly prejudicial. But, while prejudicial, the prior acts are no more sensational than the crime with which the defendant is here charged. Nevertheless, a limiting instruction is appropriate. The Court will give the jury an appropriate instruction to guard against any unfair prejudice and, in particular, to clarify that the defendant is not on trial for the 2010 or 2013 robberies and that the jury may not draw impermissible character or propensity inferences from the evidence. See United States v. Cadet, 664 F.3d 27, 33 (2d Cir. 2011) (approving of use of limiting instruction to minimize unfair prejudice of 404(b) evidence); see also

9

United States v. Snype, 441 F.3d 119, 129 (2d Cir. 2006) ("[T]he law recognizes a strong presumption that juries follow limiting instructions.") (citing Zafiro v. United States, 506 U.S. 534, 540-41 (1993)). The Court invites the parties to offer proposed language.

IV.  CONCLUSION

For the reasons set forth above, the Government's motion to admit evidence relating to the defendant's commission of the 2010 and 2013 robberies pursuant to Rule 404(b) is GRANTED.

The Clerk of Court is directed to terminate the motion at ECF No. 19.

SO ORDERED.

Dated:    New York, New York
          November 30, 2016

_____
          KATHERINE B. FORREST
          United States District Judge